**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRUNO RANIERI, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-04150 |
| EXPERIAN INFORMATION SOLUTIONS, INC. and RELX INC., | |
| Defendants. | |

## COMPLAINT

**NOW COMES** BRUNO RANIERI, through undersigned counsel, complaining of EXPERIAN INFORMATION SOLUTIONS, INC. and RELX INC., as follows:

## NATURE OF THE ACTION

1.      This action is seeking redress for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      BRUNO RANIERI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1151 Franklin Street, Mundelein, Illinois 60060.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6.      Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

1

7.     EXPERIAN INFORMATION SOLUTIONS, INC. ('Experian") is a corporation organized and existing under the laws of Ohio.

8.     Experian has its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626.

9.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

10.    RELX INC. ("LexisNexis") is a corporation organized and existing under the laws of the state of Massachusetts.

11.    LexisNexis is a division of RELX Inc.

12.    LexisNexis has a principal place of business at 230 Park Avenue, 7th Floor, New York, New York 10169.

13.    LexisNexis is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

14.    On December 26, 2013, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

15.    On April 1, 2014, Plaintiff was granted a discharge under Section 727, Title 11, United States Code.

16.    Under 11 U.S.C. § 1328(f), a debtor may not obtain a Chapter 13 discharge in a bankruptcy filed within two years of filing an earlier Chapter 13 petition that resulted in a discharge, or within four years of filing an earlier Chapter 7, 11, or 12 petition that resulted in a discharge.

2

17.     11 U.S.C. § 1328(f) never mentions the word "filing," speaks only of "discharge," and does not purport to limit the eligibility provisions of 11 U.S.C. § 109(e).  Therefore, the plain language of 11 U.S.C. § 1328(f) does not prohibit a debtor who is ineligible for a discharge from filing a Chapter 13 petition.

18.     On June 15, 2015, Plaintiff filed a voluntary petition for relief under Chapter 13, Title 11, United States Code.

19.     Plaintiff's Modified Chapter 13 Plan, dated October 7, 2015, was confirmed on March 11, 2016 (the "Confirmed Plan").

20.     The Confirmed Plan states, in part:

**Section D.**  ***Payments by debtor to the trustee; plan term and completion***

1.  *Initial plan term.*  The debtor will pay to the trustee $150.00 monthly for 6 months [and $348.00 per month for 30 months], for total payments, during the initial plan term, of $11,340.00.

21.     On September 7, 2018, the Chapter 13 Trustee issued a Notice of Completion of Plan Payments.

22.     On October 18, 2018, Plaintiff's bankruptcy case closed and the Chapter 13 Trustee was discharged.

23.     In June of 2020, Plaintiff obtained his 3–Bureau credit report.

24.     Plaintiff discovered that Plaintiff's bankruptcy case is wrongly reporting as "Chapter 13 bankruptcy dismissed."

25.     Plaintiff submitted disputes to Equifax, Experian and Trans Union.

26.     Plaintiff's disputes indicated that Plaintiff's Chapter 13 case was not dismissed and requested Equifax, Experian and Trans Union review and correct the inaccurate reporting.

27.     On June 20, 2020, Experian received Plaintiff's dispute.

28.     Experian notified LexisNexis of Plaintiff's dispute by sending an automated consumer dispute verification form ("ACDV").

29.     On June 22, 2020, Trans Union received Plaintiff's dispute.

30.     Trans Union notified LexisNexis of Plaintiff's dispute by sending an ACDV.

31.     On June 26, 2020, Equifax received Plaintiff's dispute.

32.     Equifax notified LexisNexis of Plaintiff's dispute by sending an ACDV.

33.     Equifax and Trans Union corrected the inaccurate reporting.

34.     On June 30, 2020, Experian mailed Plaintiff dispute results.

35.     Plaintiff's Experian dispute results stated, in part:

**Public Records**

This section includes public record items from courts that Experian may have obtained through a third party vendor, LexisNexis Risk Data Management Inc. You may contact them at LexisNexis Consumer Center, PO Box 105615, Atlanta, GA 30348-5108, or visit https: https:experianconsumers.lexisnexis.com

US BKPT CT IL CHICAGO #1520765AGB 219 S DEARBORN ST FL 6 CHICAGO, IL 60604 (312) 435-5694

| | | | |
|---|---|---|---|
| **Address ID#** 0317382280 | **Date filed** Jun 2015 | **Claim amount** Not reported | **Status** Chapter 13 bankruptcy dismissed. This item is |
| **Responsibility:** Individual | **Date resolved** May 2019 | **Liability amount** Not reported | scheduled to continue on record until Jun 2022 |

36.     Experian's dispute results revealed that LexisNexis continued to inaccurately report Plaintiff's Chapter 13 bankruptcy as "dismissed."

## **DAMAGES**

37.     To date, LexisNexis continues to furnish *false* information concerning Plaintiff to Experian.

38.     Defendants' *false* reporting continues to harm Plaintiff.

39.     Specifically, Defendants' *false* reporting of Plaintiff's Chapter 13 bankruptcy has led to anxiety, distrust, distress, expenditure of monies (in form of postage), expenditure of time, frustration, and mental anguish.

40.     Furthermore, Defendants' *false* reporting of Plaintiff's Chapter 13 bankruptcy has rendered Plaintiff helpless to regain control of his credit standing and creditworthiness.

41.     Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur reasonable necessary attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### Count I:
### LexisNexis's violation(s) of 15 U.S.C. § 1681 *et seq.*

42.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.     LexisNexis's failure to conduct an investigation**

44.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

    (A)     Conduct an investigation with respect to the disputed information;

    (B)     Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)     Report the results of the investigation to the consumer reporting agency;

5

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i) Modify that item of information;

(ii) Delete that item of information; or

(iii) Permanently block the reporting of that item of information.

45. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), LexisNexis received Plaintiff's dispute from Experian.

46. LexisNexis violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

47. LexisNexis violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian.

44. Had LexisNexis conducted a reasonable investigation, LexisNexis would have discovered that Plaintiff's bankruptcy case was not dismissed; and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

44. LexisNexis violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Experian.

45.     LexisNexis violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

46.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

  (2)     such amount of punitive damages as the court may allow; and

  (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

47.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

48.     LexisNexis's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

7

A.      find LexisNexis in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.      award any actual damages to Plaintiff as a result of LexisNexis's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

**Count II:**
**Experian violation(s) of 15 U.S.C. § 1681 *et seq.***

49.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.      Experian's failure to follow reasonable procedures**

50.      Section 1681e(b) requires credit reporting agencies such as Experian to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

51.      Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

52.      Upon information and belief, on multiple and numerous occasions, Experian prepared patently inaccurate consumer reports concerning Plaintiff.

53.      Upon information and belief, Experian furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

8

**B.    Experian's failure to conduct a reasonable investigation**

54.    Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

55.    Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Experian received Plaintiff's credit dispute letter.

56.    Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to LexisNexis before the expiration of the 5-business-day period beginning on the date on which Experian received Plaintiff's credit dispute.

57.    Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

58.    Experian violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

59.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

       (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

60.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

61.     Experian's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find Experian in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B.     award any actual damages to Plaintiff as a result of Experian's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 14, 2020                    Respectfully submitted,

                                        **BRUNO RANIERI**

                                        By: */s/ Joseph S. Davidson*

                                        Mohammed O. Badwan
                                        Joseph S. Davidson
                                        Victor T. Metroff
                                        SULAIMAN LAW GROUP, LTD.
                                        2500 South Highland Avenue
                                        Suite 200
                                        Lombard, Illinois 60148
                                        +1 630-575-8181
                                        mbadwan@sulaimanlaw.com
                                        jdavidson@sulaimanlaw.com
                                        vmetroff@sulaimanlaw.com

11